# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Emmanuel King Shaw, ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | 1:09cv876 (CMH/TCB) |
| ) | |
| Byron Watson, ) | |
|    Respondent. ) | |

FILED JUL 2 0 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Emmanuel King Shaw, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of multiple offenses following a jury trial in the Circuit Court of the City of Portsmouth. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a brief in opposition to the motion to dismiss, including a subsequent amendment. For the reasons that follow, respondent's Motion to Dismiss must be granted, and petitioner's claims must be dismissed.

## I. Background

Pursuant to final judgment entered on October 14, 2005, Shaw was convicted of two counts of abduction, two counts of robbery, armed statutory burglary, and five counts of using a firearm in the commission of those felonies. Commonwealth v. Shaw, No. CR 04-2977-01-10. Resp. Ex. 1. The opinion of the Virginia Court of Appeals issued on petitioner's direct appeal reflects the following underlying facts:

> ... Silas [Robert Hunt] and Roger [Hunt] were robbed and abducted at approximately 2:00 a.m. After the incident, Silas and Roger saw

1

> appellant walking near their motel room and notified the police. Officer Culpepper received a description to be-on-the-look-out for an African-American male wearing dark pants, a dark jacket, and a wave cap with a white stripe. Culpepper saw a person matching the description a short time later in the breezeway of an apartment complex. The apartment complex was across the street from the motel room of Silas and Roger. Culpepper detained the man, later identified as appellant. Silas and Roger went to the scene and identified appellant as one of the perpetrators. The police seized a Virgin mobile phone card pamphlet from appellant. Silas identified the mobile phone car pamphlet as the one taken from his motel room. Appellant testified that at approximately midnight he went to the apartment complex across the street from the motel to spend the night with his sister, but she did not answer her door. Appellant testified he spent the night outside with a group of people partying in a courtyard of the complex. Appellant denied knowing Miller and denied participating in the crimes. Appellant testified he picked up the mobile phone card pamphlet from a convenience store.

Shaw v. Commonwealth, R. No. 0809-06-1 (Va. Ct. App. Nov. 1, 2006). Resp. Ex. 2. Following his conviction, Shaw was sentenced to serve an aggregate sentence of 53 years and 24 months in prison. Resp. Ex. 1.

Shaw prosecuted a direct appeal of his conviction, arguing that: (1) the trial court erred in denying his request for a continuance to obtain the presence of a defense witness; (2) the trial court erred in overruling his objection to the jury panel and in denying his motion for a mistrial because he was not given the criminal records of the jurors; (3) the trial court erred in admitting the hearsay testimony of Darren Cross; and (4) the evidence was insufficient to sustain the convictions because the testimony of Silas and Roger Hunt was not credible. Shaw v. Commonwealth, supra; Resp. Ex. 2. Shaw's appeal was denied on November 1, 2006, and a three-judge panel refused his petition for further review on December 29, 2006. Resp. Ex. 3. On May 4, 2007, the Virginia Supreme Court granted Shaw a second-tier appeal on the issue of whether the trial court erred in overruling Shaw's

objection to the jury panel where the prosecutor did not provide the criminal records of the jurors prior to trial. Resp. Ex. 4. After briefing and argument, the Virginia Supreme Court affirmed Shaw's conviction in an unpublished order. Shaw v. Commonwealth, R. No. 070156 (Va. Nov. 21, 2007). Resp. Ex. 5. Shaw's conviction became final for purposes of federal review ninety days later, on or about February 19, 2008.[1]

On May 5, 2008, Shaw filed a application for state habeas corpus relief in the Circuit Court of the City of Portsmouth, raising the following claims:

1. He was denied effective assistance of counsel when his attorney failed to assert a constitutional right to the jurors' background records.

2. The Commonwealth violated his right to due process.

3. He was denied effective assistance of counsel when his attorney failed to move to strike the Commonwealth's evidence.

4. His right to a fair trial was violated when the Commonwealth elicited identification testimony from Silas and Roger Hunt.

5. The Commonwealth's pretrial identification evidence was insufficient.

6. He was denied effective assistance of counsel when his attorney failed to include a statement with the demand of a three-judge review on direct appeal.

7. His right to a fair trial was violated when the prosecutor asked the jury improper questions during closing argument.

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

> 8. He was denied effective assistance of counsel when his attorney failed to move for a mistrial based on the improper questions during closing argument.
>
> 9. His right to a fair trial was violated when the Commonwealth asked the jurors to focus on him while he spoke.
>
> 10. He was denied effective assistance of counsel when his attorney failed to move to suppress identification evidence.

Resp. Ex. 6. In a subsequent motion to amend the petition, Shaw attempted to add the following claims:

> 11. His rights to due process and a fair trial were violated when the court admitted the identification testimony of Silas and Roger Hunt.
>
> 12. His right to due process was violated when the Commonwealth withheld exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963).

Pet'r Resp., Ex. B. The Commonwealth moved to dismiss Shaw's petition, Resp. Ex. 8, and by order dated July 22, 2008, the motion was granted, and Shaw's petition was denied and dismissed. Resp. Ex. 9. Shaw appealed that result, and the Virginia Supreme Court refused his petition for appeal on May 6, 2009. Shaw v. Watson, R. No. 081947 (May 6, 2009). Resp. Ex. 10. Shaw submitted this federal petition on July 20, 2009,[2] making the following allegations:

> 12-(1) The evidence was insufficient to convict him beyond a reasonable doubt, in violation of his right to due process.

---

[2] A habeas corpus petition submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Shaw certified that his petition was placed in the prison mailing system on July 20, 2009. Pet. at 15.

12-(2) His right to due process was violated when the Commonwealth withheld exculpatory evidence in violation of Brady.

12-(3) The Commonwealth elicited identification testimony from Roger and Silas Hunt in violation of his right to due process and in violation of Rule 602 of Virginia's evidentiary rules.

12-(4) He was denied effective assistance of counsel when his attorney failed to move to suppress the identification testimony of Roger and Silas Hunt.

12-(5) He was denied effective assistance of counsel when his attorney failed to move to strike the identification testimony on the ground that no foundation had been laid.

12-(6) He was denied effective assistance of counsel when his attorney failed to submit a statement as to how the Court erred in the demand for reconsideration by a three-judge panel on direct appeal.

On December 12, 2009, respondent filed a Rule 5 Answer to the petition, as well as a Motion to Dismiss Shaw's claims with a supporting brief and exhibits. (Docket ## 8 - 11) Shaw has submitted a brief in opposition to the Motion to Dismiss with exhibits, including an amendment to the brief with additional exhibits. (Docket ## 12 - 13, 15) Accordingly, this matter is now ripe for review.

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a § 2254 applicant in this jurisdiction must first have presented the same factual and legal claims raised in his federal petition to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus proceeding. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). A petitioner may nonetheless overcome procedural defaults and have his claims addressed on the merits by showing either cause and prejudice for the default or that miscarriage of justice would result from the lack of such review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

In this case, claim 12-(2) as listed above is procedurally barred from federal consideration according to these principles. Shaw initially raised that claim in his motion to amend his state habeas corpus petition. However, the circuit court never granted Shaw leave to amend, and Shaw did not assign the court's failure to act on his motion as error on his subsequent appeal to the Virginia Supreme Court. Therefore, the proposed amendments to Shaw's state habeas corpus application, including claim 12-(2), were never considered on the merits, so claim 12-(2) remains unexhausted.

6

Because it is clear that the claim would be barred as successive under Virginia law if Shaw were to attempt to present it to the state courts at this juncture, see Virginia Code § 8.01-654(B)(2) (barring successive state habeas petitions), the claim is procedurally defaulted from federal review. Baker, 220 F.3d at 288.

In his Brief in Opposition to Motion to Dismiss, Shaw argues that despite its procedural default, the Court should still reach the merits of claim 12-(2) on the authority of Murray v. Carrier, 477 U.S. 478 (1986). In that case, the Supreme Court recognized an exception to the procedural bar doctrine in cases where a petitioner's incarceration represents a fundamental miscarriage of justice, and held that the procedural default of a habeas claim can be excused where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496; see also, Schlup v. Delo, 513 U.S. 298, 324 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Murray, 477 U.S. at 496. The evidence necessary to make a showing of actual innocence must be "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324; see Sharpe v. Bell, 593 F.3d 372 (4th Cir. 2010).

Pursuant to these authorities, petitioner's reliance on the actual innocence exception to excuse his procedural default of claim 12-(2) is unavailing. What petitioner classifies as "new reliable evidence" to support his assertion of actual innocence is nothing more than his own re-interpretation of the victims' trial testimony concerning their identification of petitioner as one of their assailants. Pet. Br. at 10 - 11. Specifically, petitioner invites the Court to review Silas Hunt's testimony to discover an "implication elicited ... on cross-examination" which "indirectly

7

established" that Hunt's identification of petitioner was mistaken based on his description of the color of the perpetrator's sweater. Because this evidence patently was presented at trial, and is far from sufficiently compelling to show that no reasonable juror could have voted to convict petitioner, his reliance on the actual innocence exception is without merit, and claim 12-(2) of this petition is procedurally barred from consideration on the merits.[3]

In addition, where a state court has made an express determination that a claim is procedurally defaulted, such a finding is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst, 501 U.S. at 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of

---

[3]Even if claim 12-(2) were capable of review on the merits, it would gain petitioner no relief. Shaw contends in that claim that the Commonwealth withheld Brady material in the form of information that Silas and Roger Hunt did not report the crimes or give police a description of Shaw until after they recognized him on the street. However, this contention is controverted by the record, which establishes that the Hunts called the police from their motel room immediately after the crimes occurred and described their assailants at that time, two hours before they saw Shaw on the street. T. Aug. 10, 2005 at 87, 91, 96, 139, 146. Thus, even if claim 12-(2) were not procedurally barred, the record does not support Shaw's argument that a Brady violation occurred in this case. Cf. Strickler v. Greene, 527 U.S. 263, 281-82 (1999) (Brady is violated only where the evidence at issue is favorable to the defense, the evidence was suppressed by the state, and the evidence was material to the defense, such that prejudice ensued from its suppression).

counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In claim 12-(3) of this federal petition, Shaw argues that the Commonwealth elicited identification testimony from Roger and Silas Hunt in violation of Shaw's right to due process and in violation of Rule 602 of Virginia's evidentiary rules. When Shaw first raised this claim in his state habeas corpus application, the circuit court denied relief on the ground that such a claim of trial court error is not cognizable in a petition for a writ of habeas corpus pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975). Resp. Ex. 9 at 3. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, Shaw's claim 12-(3) also is procedurally barred from federal review. In his Brief in Opposition to Motion to Dismiss, Shaw argues that the procedural default of claim 12-(3) should be excused on the basis of the actual innocence exception. For the reasons discussed above in connection in with claim 12-(2), that doctrine is inapplicable in petitioner's case, and claim 12-(3) also procedurally defaulted from federal consideration on the merits.[4]

---

[4]Even if claim 12-(3) were cognizable here, Shaw would be entitled to no relief. In that claim he argues essentially that identification testimony was elicited from the victims in violation of Virginia's evidentiary rules. A federal writ of habeas corpus may issue only where a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a): Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Where, as here, a petitioner alleges that a state court incorrectly applied state law, the claim fails to state a basis for federal habeas corpus relief. See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); Wright, 151 F.3d at 159.

## III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In claim 12-(1), the first cognizable claim of his federal petition, Shaw argues that the evidence was insufficient to convict him beyond a reasonable doubt, in violation of his right to due process. On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most

favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); <u>Sumner v. Mata</u>, 449 U.S. 539, 546-47 (1981); see <u>Wilson v. Greene</u>, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing <u>Wright v. West</u>, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. <u>Herrera v. Collins</u>, 506 U.S. 390, 402 (1993).

When petitioner challenged the sufficiency of the evidence on his direct appeal, the Virginia Court of Appeals rejected his argument on the following holding:

> The jury heard the testimony of the witnesses, including the identification testimony of Silas and Roger. After evaluating the evidence, the jury necessarily determined that appellant's testimony was not credible and that the testimony by Silas and Roger was credible. There was sufficient evidence supporting the jury's determination that appellant was one of the men who committed the offenses. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of two counts of abduction, two counts of robbery, armed statutory burglary, and related firearm charges.

<u>Shaw v. Commonwealth</u>, slip op. at 5.[5]

In evaluating the sufficiency of the evidence to support a conviction, it is not the role of a

---

[5]Because the Court of Appeals' order of dismissal was the last reasoned state court decision on the claim, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).

federal court to review the credibility of witnesses. United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Instead, the federal court is bound by credibility determinations made by the state court trier of fact. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). In this case, petitioner's argument regarding the sufficiency of the evidence is no more than an invitation to this Court to re-weigh the evidence in a manner more favorable to him, a course of action which plainly is prohibited by the foregoing authorities. As Shaw has failed to satisfy his burden of showing that the rejection of his first claim by the Virginia Court of Appeals was either an unreasonable determination of the facts or an unreasonable application of federal law, that result must be allowed to stand. Williams, 529 U.S. at 412-13.

In the remaining three claims of his petition, Shaw argues that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir.

1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In claim 12-(4) of his petition, Shaw contends that he was denied effective assistance of counsel when his attorney failed to move to suppress the identification testimony of Roger and Silas Hunt. When Shaw made this same argument in his state habeas corpus application, relief was denied by the circuit court on the following holding:

> Finally, in claim (j), Shaw states counsel was ineffective for failing to file a motion to suppress the Silas and Roger Hunt identification evidence because it was more 'prejudicial than probative.' Aside from this not being grounds to suppress evidence in violation of the Fourth Amendment, the record shows the police were justified in effecting a Terry stop of Shaw a short time following the description given by the victims. Shortly thereafter, the two victims went to the breezeway of the apartment where Shaw was detained and identified him as one of the robbers. Shaw denied knowing the other robber, claiming he

13

> spent that night outside with a group of people having a party. As the Court of Appeals explained in the initial denial order, the complaint was one concerning the credibility of witnesses. And after 'evaluating the evidence, the jury necessarily determined that [Shaw's] testimony was not credible and that the testimony by Silas and Roger was credible.' <u>Order</u>, November 1, 2006, p. 5.
>
> Assuming counsel did not challenge the identification of Shaw by the victims pre-trial, this claim must still fail pursuant to <u>Strickland</u> as there has been no demonstration of prejudice of a reasonable probability of a different outcome at trial. In addition, on August 10, 2005, Shaw told the Court he had had ample opportunity to discuss the matter with counsel and, except for two certain witnesses that did not appear, he was ready for trial. He also said he was satisfied with the services of counsel 'up to this point in time.' <u>See</u> Transcript, August 10, 2005, p. 22. He should not now, nor has he given any reason why, he should be heard to disavow or controvert his statements to the Court. <u>Anderson v. Warden</u>, 222 Va. 511, 512, 281 S.E.2d 885, 888 (1981). Accordingly, for all these reasons, this claim should be denied and dismissed.

Resp. Ex. 9 at 7 - 8. The Virginia Supreme Court refused further appeal without explanation, thereby implicitly adopting the foregoing reasoning. <u>Ylst</u>, 501 U.S. at 803.

Petitioner has failed to carry his burden to demonstrate that the state courts' rejection of claim 12-(4) was contrary to or an unreasonable application of the controlling <u>Strickland</u> principles upon which the court expressly relied, nor was it based on an unreasonable interpretation of the facts. The record is devoid of any suggestion that the outcome of petitioner's trial would have been different had counsel made a suppression motion on the ground petitioner now proposes, so the prejudice prong of the <u>Strickland</u> test for ineffective assistance is not met. Accordingly, federal relief is unavailable for this claim. <u>Williams</u>, 529 U.S. at 412-13.

In claim 12-(5), Shaw asserts that trial counsel provided ineffective assistance by failing to move to strike the identification testimony on the ground that no foundation had been laid. The state

14

courts found this argument to be without merit for the following reasons:

> In claim (c), Shaw contends counsel was constitutionally ineffective for failing to move to strike the Commonwealth's case because the prosecutor did not 'lay a foundation' for Roger and Silas Hunt's identification of him. This claim is facially deficient in view of Shaw's failure to proffer or demonstrate he was prejudiced by this supposed omission. Other than to complain the evidence was 'insufficient,' Shaw does not explain how objecting to the lack of a 'foundation' was deficient representation such that there is a reasonable probability of a different outcome at trial under <u>Strickland</u>.

Resp. Ex. 9 at 5. For the reasons expressed in the foregoing order, the state courts' rejection of Shaw's claim was neither contrary to nor an unreasonable application of the controlling <u>Strickland</u> principles upon which the Court expressly relied, nor was it based on an unreasonable interpretation of the facts. Therefore, federal relief is likewise unavailable for that claim, <u>Williams</u>, 529 U.S. at 412-13, and respondent's motion to dismiss this claim must be granted.

In claim 12-(6) of this petition, Shaw argues that he was denied effective assistance of counsel when his attorney failed to submit a statement as to how the Court erred in the demand for reconsideration by a three-judge panel on direct appeal. The Virginia courts found no merit to this position for the following reasons:

> For claim (g), Shaw faults counsel for failing to include a 'statement' along with the demand for a three-judge review in his direct appeal to the Court of Appeals of Virginia. According to Shaw, counsel could have discovered 'significant error' in the initial denial order to include in the statement.
>
> Again, other than stating the evidence was insufficient, Shaw makes no showing that any statement submitted with the three-judge demand establishes a reasonable probability of a different outcome at trial. This highly conjectural complaint falls far short of establishing the requisite prejudice under <u>Strickland</u>. And, Shaw was ultimately granted review by the Supreme Court of Virginia on the issue concerning the venire's criminal record issue on May 4, 2007.

15

Resp. Ex. 9 at 5 - 6. As with its resolution of Shaw's earlier claims, the Virginia court's foregoing determination was not based on an unreasonable determination of the facts, nor was its conclusion contrary to or an unreasonable application of controlling federal law. Therefore, Shaw is precluded from federal relief for that claim. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed. An appropriate Order shall issue.

Entered this 20th day of July 2010.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia