EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Emmanuel King Shaw,**<br>  Petitioner, | )<br>)<br>) |
| v. | )   No. 1:09cv876 (CMH/IDD) |
| **Byron Watson,**<br>  Respondent. | )<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Virginia inmate Emmanuel King Shaw ("Petitioner") filed a "Motion for Relief from Judgment" on July 25, 2024, pursuant to Fed. R. Civ. P. 60(b)(4), asserting this Court's July 20, 2010 judgment, [Dkt. Nos. 17, 18], dismissing his petition for a writ of habeas corpus is void. [Dkt. No. 34 at 2]. See Shaw v. Watson, No. 1:09cv876, 2010 U.S. Dist. LEXIS 73737 (E.D. Va. July 20, 2010), appeal dismissed, 2011 U.S. App. LEXIS 1043 (4th Cir. Va., Jan. 19, 2011). It is evident, after reviewing the pleading and this Court's records, that Petitioner's Rule 60(b) motion is a successive habeas petition, which this Court has no jurisdiction to consider.

In *Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016), the Fourth Circuit observed that due to § 2244(b)'s statutory prohibition against the filing of second or successive habeas petitions, *Gonzalez v. Crosby*, 545 U.S. 524 (2005) has "firmly reined in" the availability of Rule 60(b) to a prisoner who seeks to reopen a final judgment issued in his federal habeas proceedings. *Gonzalez* considered whether a habeas petitioner could ever invoke Rule 60(b) without running afoul of the statutory limitations on the filing of second and successive habeas petitions in § 2244 and held that Rule 60(b) had a "valid role to play in habeas cases," but it also made clear that this role is a narrow one. *Id.* at 534. Indeed, Rule 60(b) motions that do not rely on new rules of constitutional law or newly discovered facts, "although labeled [] Rule 60(b) motion[s], [are] in substance [] successive

habeas petition[s] and should be treated accordingly." *Id.* at 531. In his pleading, Petitioner argues the Court's dismissal order erred because it found the evidence was sufficient for the jury to have found that Petitioner was one of the perpetrator's and convict him of "two counts of abduction, two counts of robbery, armed statutory burglary, and five counts of using a firearm in the commission of those felonies." [Dkt. No. 17 at 1, 11-12].[1]

The United States Court of Appeals for the Fourth Circuit has held "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigate[ing] claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

---

[1] The July 10, 2010 Memorandum Opinion found the Court of Appeals of Virginia's opinion rejecting Petitioner's argument that the evidence was insufficient found that the Court of Appeals of Virginia's opinion was not "an unreasonable determination of the facts [n]or an unreasonable application of federal law, that result must be allowed to stand. The Court of Appeals of Virginia's held that

> [t]he jury heard the testimony of the witnesses, including the identification testimony of Silas and Roger. After evaluating the evidence, the jury necessarily determined that appellant's testimony was not credible and that the testimony by Silas and Roger was credible. There was sufficient evidence supporting the jury's determination that appellant was one of the men who committed the offenses. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of two counts of abduction, two counts of robbery, armed statutory burglary, and related firearm charges.

[Dkt, No. 17 at 11].

Id. at 207. Here, as the Court noted in 2010, "petitioner's argument regarding the sufficiency of the evidence is no more than an invitation to this Court to re-weigh the evidence in a manner more favorable to him. . . ." [Dkt. No. 17 at 12].

a course of action which plainly is prohibited by the foregoing authorities.

Title 28 U.S.C. § 2244(b) compels this Court to dismiss this Rule 60(b) motion as a successive habeas petition, absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition. The Court of Appeals will only authorize such a review if a petitioner can show that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and which "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of § 2244 affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of § 2244 does not lie with the district court; it "must be made by a court of appeals." In re Williams, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or successive petition, "the district court lacks jurisdiction" over the petition. Evans, 220 F.3d at 325. Because Petitioner has not provided an such an order from the United States Court of Appeals for the Fourth Circuit, this Court therefore lacks jurisdiction to consider this successive petition, which must be dismissed.

3

Accordingly, it is hereby

ORDERED that this successive petition [Dkt. No. 34] be and is DISMISSED WITHOUT PREJUDICE to Petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition.

To appeal this decision, Petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner, a copy of this order to counsel of record for the respondent, and to close this civil action.

Entered this 9th day of Aug., 2024.

/s/ Claude M. Hilton
United States District Judge
Claude M. Hilton

Alexandria, Virginia