**EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Emmanuel King Shaw,** **Petitioner,** | ) | |
| **v.** | ) | **No. 1:09cv876 (CMH/IDD)** |
| **Byron Watson,** **Respondent.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Virginia inmate Emmanuel King Shaw ("Petitioner" or "Shaw") filed a Rule 60(b)(4) ,Federal Rule of Civil Procedure, motion on July 25, 2024, asserting this Court's July 20, 2010 judgment, [Dkt. Nos. 17, 18][1], dismissing his petition for a writ of habeas corpus is void, which the Court dismissed on August 9, 2024. [Dkt. No. 36]. The Court dismissed Shaw's Rule 60(b)(4) motion as a successive § 2254 petition over which it lacked jurisdiction because he failed to obtain prefiling authorization from the Fourth Circuit. [Id. at 2-4]. The Fourth Circuit dismissed Shaw's appeal finding this Court had "properly construed Shaw's Rule 60(b) motion as a successive § 2254 petition over which it lacked jurisdiction because he failed to obtain prefiling authorization from this court" and then denied Shaw "authorization to file a successive § 2254 petition." [Dkt. No. 46]. Shaw v. Watson, No. 24-6908, 2025 U.S. App. LEXIS 2028, *1 (4th Cir. January 29, 2025).

The matter is once again before the Court on a "new" motion for relief from judgment, citing Rules 60(b)(3) and (b)(4), asserting this Court's July 20, 2010 judgment is void because "the state court failed to meet it's [sic] burden of proof on the element of identity during [Shaw's] trial

[1] See Shaw v. Watson, No. 1:09cv876, 2010 U.S. Dist. LEXIS 73737 (E.D. Va. July 20, 2010), appeal dismissed, 2011 U.S. App. LEXIS 1043 (4th Cir. Va., Jan. 19, 2011).

which, therefore, deprives the state court judgment of any legal force." [Dkt. No. 50 at 2]. Shaw further asserts that the respondent's counsel misstated a "material fact" in her response to the petition because while there was testimony of a description of the victims' unknown assailant," and that testimony was used "to indirectly establish a description of the victims' unknown assailant." [Id. at 5-6]. Shaw thereafter argues the evidence at trial regarding identification of the assailant by his clothing, but in doing so he ignores that he was identified by the victims as the perpetrator when they saw him the night of the offenses, and in court as well.

The day after Shaw filed his Rule 60(b)(3) and (b)(4) motion, Shaw filed a motion to "clarify," stating he was unsure if what he called a "void judgment" was "considered to be a void judgment by the federal courts." [Dkt. No. 51 at 2]. Shaw then requests that the Court consider his motion under Rule 60(b)(6). [Id. at 3].[2] Regardless of which subsection Shaw relies upon, his motion is still a successive writ and it will be dismissed for lack of jurisdiction because Shaw has failed to obtain prefiling authorization from the Fourth Circuit.

In *Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016), the Fourth Circuit observed that due to § 2244(b)'s statutory prohibition against the filing of second or successive habeas petitions, *Gonzalez v. Crosby*, 545 U.S. 524 (2005) has "firmly reined in" the availability of Rule 60(b) to a

---

[2] In relevant part, Rule 60(b) allows relief from judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Rule 60(b)(3), "the judgment is void;" Rule 6)(b)(4); and "any other reason that justifies relief." Rule 60(b)(6). As to relief under Rule 60(b)(3), Shaw is not entitled to relief because he did not file within the one-year limit in Rule 60(c)(1). See Fox v. Elk Run Coal Co., 739 F.3d 131, 135 (4th Cir. 2014) ("Litigants have one year following the final judgment in which to make a Rule 60(b)(3) motion.") (citing Fed. R. Civ. P. 60(c)(1)). Shaw also has not shown that this Court's July 20, 2010 judgment was void and therefore is not entitled to relief under Rule 60(b)(4). See Garcia Fin. Group, Inc. v. Va. Accelerators Corp., 3 F. App'x 86, 88 (4th Cir. 2001) ("relief under Rule 60(b)(4) remains an extraordinary remedy. The concept of a 'void' judgment has been narrowly construed by the courts. Therefore, '[a] judgment is not void merely because it is or may be erroneous.' Baumlin & Ernst, Ltd. v. Gemini, Ltd., 637 F.2d 238, 242 (4th Cir. 1980). Instead, a judgment may be vacated for voidness under Rule 60(b)(4) only if the rendering court lacked personal jurisdiction, subject matter jurisdiction, or acted in a manner inconsistent with due process of law.") (citing Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999); Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992)). Lastly, Rule 60(b)(6) cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)). Consequently, even if the Court had jurisdiction, it would deny the Rule 60(b) motion.

prisoner who seeks to reopen a final judgment issued in his federal habeas proceedings. *Gonzalez* considered whether a habeas petitioner could ever invoke Rule 60(b) without running afoul of the statutory limitations on the filing of second and successive habeas petitions in § 2244 and held that Rule 60(b) had a "valid role to play in habeas cases," but it also made clear that this role is a narrow one. *Id.* at 534. Indeed, Rule 60(b) motions that do not rely on new rules of constitutional law or newly discovered facts, "although labeled [] Rule 60(b) motion[s], [are] in substance [] successive habeas petition[s] and should be treated accordingly." *Id.* at 531. In his pleading, Petitioner argues the Court's dismissal resulted in a "void judgment" because of alleged misstatements by the respondent's counsel and insufficient evidence on identity that rendered the state judgment void.[3] In sum, however, he is simply rearguing the issue of sufficiency and cites to matters of record from his trial.

The United States Court of Appeals for the Fourth Circuit has held "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigate[ing] claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)).

> [A] motion directly attacking the prisoner's conviction or sentence will usually

[3] The July 10, 2010 Memorandum Opinion found the Court of Appeals of Virginia's opinion rejecting Shaw's argument that the evidence was insufficient was not "an unreasonable determination of the facts [n]or an unreasonable application of federal law, [and] that result must be allowed to stand. The Court of Appeals of Virginia's held that

> [t]he jury heard the testimony of the witnesses, including the identification testimony of Silas and Roger. After evaluating the evidence, the jury necessarily determined that appellant's testimony was not credible and that the testimony by Silas and Roger was credible. There was sufficient evidence supporting the jury's determination that appellant was one of the men who committed the offenses. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of two counts of abduction, two counts of robbery, armed statutory burglary, and related firearm charges.

[Dkt, No. 17 at 11].

> amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id. at 207. Here, as the Court noted in 2010, "petitioner's argument regarding the sufficiency of the evidence is no more than an invitation to this Court to re-weigh the evidence in a manner more favorable to him. . . ." [Dkt. No. 17 at 12].

Title 28 U.S.C. § 2244(b) compels this Court to dismiss this Rule 60(b) motion as a successive habeas petition, absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition. The Court of Appeals will only authorize such a review if a petitioner can show that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and which "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of § 2244 affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of § 2244 does not lie with the district court; it "must be made by a court of appeals." In re Williams, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or successive petition, "the district court lacks jurisdiction"

over the petition. Evans, 220 F.3d at 325. Because Petitioner has not provided an such an order from the United States Court of Appeals for the Fourth Circuit, this Court therefore lacks jurisdiction to consider this successive petition, which must be dismissed.

Accordingly, it is hereby

ORDERED that this successive petition [Dkt. Nos. 50 and 51] be and is DISMISSED WITHOUT PREJUDICE to Petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition.

To appeal this decision, Petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner, a copy of this order to counsel of record for the respondent, and to close this civil action.

Entered this 13th day of June, 2025.

Claude M. Hilton
United States District Judge

Alexandria, Virginia